FILED

2021 DEC -1 PM 4: 29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 2:21-cr-110-SPC-NPM
                                            18 U.S.C. § 924(a)(1)(A)

GABRIEL ACOSTA JR.

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about December 27, 2018, in the Middle District of Florida, the defendant,

**GABRIEL ACOSTA JR.**,

did knowingly make a false statement and representation to SHOOT STRAIGHT FT MYERS INC d/b/a SHOOT STRAIGHT, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of SHOOT STRAIGHT FT MYERS INC d/b/a SHOOT STRAIGHT, in that **GABRIEL ACOSTA JR.** did falsely state on a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, that he was the "actual buyer/transferee" of a firearm, whereas, in truth and in fact, he was not the actual buyer/transferee of that firearm.

In violation of 18 U.S.C. § 924(a)(1)(A).

## COUNT TWO

On or about January 28, 2019, in the Middle District of Florida, the defendant,

**GABRIEL ACOSTA JR.**,

did knowingly make a false statement and representation to SHOOT CENTER LLC, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of SHOOT CENTER LLC, in that **GABRIEL ACOSTA JR.** did falsely state on a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, that he was the "actual buyer/transferee" of a firearm, whereas, in truth and in fact, he was not the actual buyer/transferee of that firearm.

In violation of 18 U.S.C. § 924(a)(1)(A).

## FORFEITURE

1. The allegations contained in Counts One and Two are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 924(a)(1)(A), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following:

   i. a Barrett firearm, model M82A1, S/N AA007850; and

   ii. an FN Herstal firearm, model M249S, S/N M249SA05008;

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: *Simon R Eth*
Simon R. Eth
Assistant United States Attorney

By: *Jesus M. Casas*
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

FORM OBD-34
November 21

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Fort Myers Division

## THE UNITED STATES OF AMERICA

vs.

## GABRIEL ACOSTA JR.

### INDICTMENT
Violations: 18 U.S.C §§ 924(a)(1)(a)

A true bill,

_____
　　　Foreperson

Filed in open court this 1st day

of December, 2021.

_____
　　　　Clerk

Bail $_____

GPO 863 525